# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Cesar de la Garza,                                              Civil No. 06-4767 (RHK/JJG)

      Petitioner,

v.                                                                            **ORDER**

Joan Fabian,

      Respondent.

## INTRODUCTION

Petitioner commenced this action by filing a habeas corpus petition under 28 U.S.C. § 2254, which challenged his conviction and sentence in a Minnesota state criminal case. The matter was assigned to Magistrate Judge Jeanne J. Graham for a Report and Recommendation, ("R&R"). The Magistrate Judge filed an initial R&R on July 17, 2007, recommending that most of Petitioner's claims for relief be summarily dismissed on the grounds of procedural default. In a second R&R, dated January 23, 2008, the Magistrate Judge recommended that Petitioner's remaining claims be dismissed on the merits. This Court adopted both of the R&Rs, over Petitioner's objections, and the action was dismissed by a final judgment entered on March 3, 2008.

Petitioner subsequently filed a notice of appeal, and a request for a Certificate of Appealability, ("COA"). The Court now finds that Petitioner should be granted a COA for a single issue, which is described below.

## DISCUSSION

A state prisoner is not permitted to appeal a final order in a habeas corpus proceeding without first securing a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). Federal district

courts cannot grant a COA unless the prisoner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997).

A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Kramer v. Kemna, 21 F.3d 305, 307 (8th Cir. 1994) ("[g]ood faith and lack of frivolousness, without more, do not serve as sufficient bases for issuance of a certificate").  Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings."  Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir.), cert. denied, 513 U.S. 946 (1994), citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam); Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  When a district court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal."  Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted).

In this case, the Court finds that Petitioner meets the criteria for a COA for the Sixth Amendment "right to counsel" claim that was addressed on the merits in the Magistrate Judge's second R&R.  Although the Court remains satisfied that the Magistrate Judge correctly analyzed Petitioner's Sixth Amendment claim, and properly recommended that the claim be denied on the merits, the Court also finds that Petitioner has made a "substantial showing" that his Sixth Amendment rights may have been violated.  The Court finds that Petitioner's Sixth Amendment claim is worthy of appellate review.

The Court will therefore grant Petitioner a COA for the following claim:

***Is Petitioner entitled to a writ of habeas corpus, because he was prevented from consulting with his attorney on the evening before his trial commenced, thereby violating his Sixth Amendment right to counsel?***

The Court further finds that Petitioner is not entitled to a COA for any other claims. Petitioner has not offered any reason to think that any other court – including the Eighth Circuit Court of Appeals – could decide any of his other claims any differently than they were decided here. Petitioner has not identified, and the Court cannot independently discern, anything novel, noteworthy or worrisome about this case that warrants appellate review, (except for his Sixth Amendment claim). Therefore, Petitioner will not be granted a COA in this matter for any claim other than the one specific claim that the Court has identified herein.

## CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Petitioner's request for a Certificate of Appealability, (Docket No. 63), is GRANTED for the following claim:

***Is Petitioner entitled to a writ of habeas corpus, because he was prevented from consulting with his attorney on the evening before his trial commenced, thereby violating his Sixth Amendment right to counsel?***

Dated: April 25, 2008

                                                s/Richard H. Kyle
                                                RICHARD H. KYLE
                                                United States District Judge